## W. R. Thompson & Halbert *v.* Jesse Sheets.

**Principal and Surety—Subrogation of Sureties.**

> The sureties on a sale bond of a purchaser of land do not, on payment of it, become subrogated to the rights of the vendor so as to displace any pre-existing specific interest in the mortgaged property derived of the debtor prior to their undertaking to pay the debt of the purchaser to the vendor.

**Principal and Surety—Priority of Rights as Between Sureties and Other Creditors.**

> Where sureties on a sale bond of a purchaser of land take a mortgage on property of the debtor, including two horses, and where the commissioner appointed to sell the property went to execute the judgment, the two horses were produced and their sale was postponed at the request of the sureties, and the commissioner was thereby prevented from taking possession of the horses, and before the next sale day, the debtor had departed, taking the horses with him, which could have been sold for enough or about enough to indemnify the sureties, the sureties are not entitled, over other creditors of the debtor who had acquired a specific interest in the property prior to the date of the undertaking of the sureties to pay the debt, to take precedence over other creditors.

### APPEAL FROM LEWIS CIRCUIT COURT.

February 24, 1873.

Opinion by Judge Peters:

Hackworth surrendered the land to be sold under the execution, which he might do although he had not the legal title, subject, however, to the lien of Osborne, his vendor, and when Sheets purchased he took the land subject to that lien. But does it follow that Thompson and Halbert, the sureties of Hackworth in the sale bonds to Osborne for the unpaid purchase price, by discharging the debt, can be substituted to the lien of Osborne, the vendor, to defeat the claim of Sheets, which is prior in date to their undertaking to pay Osborne's demand?

In *Patterson v. Pope*, 5 Dana 241, this court said: "We have seen no case in which it has been decided, either in terms or in effect, that a surety, becoming so by entering into an obligation taken in

the prosecution of the ordinary coercive remedies against the person of the debtor, can, by paying the debt, acquire such an interest in the mortgage or other lien of the creditor as will enable him to displace any pre-existing, specific interest in the mortgaged property, derived from the debtor after the date of the mortgage." The sureties would be substituted to the rights of the vendor so far as to have a preference over general creditors. But it is different as to a pre-existing specific interest in the property acquired for a valuable consideration, because it ceased to be the property of the debtor before the surety became bound.

But there is an additional reason for sustaining the judgment of the court below. The sureties in the sale bonds took a mortgage on the property of the debtor, including two horses and other personal property, and when the commissioner, appointed under a judgment foreclosing the mortgage to sell the property, went to execute the judgment the two horses were produced, and their sale was postponed at the request of appellants, and by the interposition of one of them the commissioner was prevented from taking them into possession, and before the next sale day the debtor had departed, taking the horses with him, when from the evidence as to the value of the horses, if appellants had not postponed the sale they would have sold for enough, or very nearly enough, to have indemnified them.

In either aspect of the case it seems to us that the judgment is right and must be affirmed.

*Throop, for appellants.*

*Phister, for appellee.*